# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>        Plaintiff,<br><br>    v.<br><br>NIEBERT,<br><br>        Defendant. | Case No. 1:17-cv-00873-BAM (PC)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(ECF No. 7) |

Plaintiff Ronald Lee Canada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 8.)

**I.    Motion for Temporary Restraining Order**

Currently before the Court is Plaintiff's motion for a temporary restraining order against Defendant Niebert and the two Doe Defendants, now identified as correctional officers Keister and Takahashi. (ECF No. 7.) Plaintiff states that the three Defendants all used unnecessary force on him, and he fears for his life being housed at Kern Valley State Prison. Plaintiff does not otherwise state what relief he seeks against the Defendants.

**II.    Legal Standard**

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7

(9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

**III.    Discussion**

Plaintiff brings suit against Defendant Niebert and two Doe Defendants, now identified as correctional officers Keister and Takahashi, for the use of unnecessary force. In the instant motion, Plaintiff seeks a temporary restraining order against the Defendants, but does not state what specific form of relief he seeks.

///

To the extent Plaintiff seeks transfer from Kern Valley State Prison to another institution, Plaintiff is informed that convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another. See Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes, 427 U.S. 236 (1976). "[A] prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, indeed, even to a prison in another state, without offending the Constitution." Bravo v. Hewchuck, 2006 WL 3618023, *1 (N.D. Cal. 2006) (citations omitted). Also, according to Plaintiff's notice of change of address, he was transferred from Kern Valley State Prison to California Men's Colony on July 25, 2017. (ECF No. 9.) Thus, any request related to transfer and Plaintiff's fears for his safety while housed at Kern Valley State Prison are now moot based on his transfer to California Men's Colony. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam) (stating that transfer to another prison renders request for injunctive relief concerning prison conditions moot absent some evidence of an expectation of being transferred back).

**IV. Conclusion and Order**

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion for a temporary restraining order, (ECF No. 7), is DENIED as moot.

IT IS SO ORDERED.

Dated: **September 15, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE