# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>    Plaintiff,<br><br>    v.<br><br>NIEBERT,<br><br>    Defendant. | Case No. 1:17-cv-00873-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(ECF No. 12)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Ronald Lee Canada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 24, 2017, Plaintiff filed the instant motion requesting that the Court to add the names of correctional officers Takahashi and Keister as defendants in this action. (ECF No. 12.) The Court construes Plaintiff's filing as a motion for leave to amend the complaint to name the Doe Defendants. The motion is deemed submitted. Local Rule 230(l).

**I.    Discussion**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires."

1

AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

Plaintiff requests leave to amend his complaint to identify the Doe Defendants in this action. Plaintiff reports that he has identified the two unknown correctional officers who used unnecessary force on Plaintiff as officers Takahashi and Keister. (ECF No. 12, p. 2.)

The Court has considered the proposed amendment and finds that leave to amend should be granted. In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action. Accordingly, Plaintiff's motion to amend shall be granted.

## II.     Conclusion and Order

As discussed, Plaintiff shall be granted leave to file a first amended complaint, within thirty (30) days, in order to identify the Doe Defendants.

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is cautioned that he has been granted leave to amend the complaint for the sole purpose of identifying the Doe Defendants.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or

superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the complaint, (ECF No. 12), filed on August 24, 2017, is GRANTED;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint as discussed in this order;
4. Plaintiff shall clearly identify the amended complaint as "First Amended Complaint" and refer to the case number;
5. Plaintiff may not add any new allegations or claims to this action; and
6. **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **September 19, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE