# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>        Plaintiff,<br><br>   v.<br><br>NIEBERT, et al,<br><br>        Defendants. | Case No. 1:17-cv-00873-BAM (PC)<br><br>ORDER DENYING MOTION FOR 60-DAY EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT AS MOOT<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

     Plaintiff Ronald Lee Canada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on June 23, 2017. (ECF No. 1.)

     On September 15, 2017, prior to the screening of Plaintiff's complaint, Plaintiff filed a motion to amend the complaint to identify the Doe Defendants as correctional officers Takahashi and Keister. (ECF No. 12.) The Court granted the motion and directed Plaintiff to file a first amended complaint with thirty days. (ECF No. 14.) Following an extension of time, Plaintiff's first amended complaint was due on or before November 22, 2017. (See ECF Nos. 17, 20, 22.)

     Currently before the Court are Plaintiff's motion for 60-day extension of time to file first amended complaint, filed on November 14, 2017, (ECF No. 23), and Plaintiff's first amended complaint and notice regarding 602 form, both filed on November 27, 2017, (ECF Nos. 24–25).

1

**I.      Motion for Extension of Time**

In his motion, Plaintiff requests a 60-day extension of time to file his amended complaint. Plaintiff explains that he needs additional time to obtain his third level appeal back from the CDCR Chief of Inmate Appeals, in order to complete his first amended complaint. (ECF No. 23.)

As noted above, Plaintiff's first amended complaint was due on or before November 22, 2017. (See ECF Nos. 17, 20, 22.) Although Plaintiff's first amended complaint and notice regarding 602 form were not docketed until November 27, 2017, both documents include proofs of service by mail or are dated November 19, 2017. (See ECF Nos. 24, p. 18; 25, p. 2.) Pursuant to the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions). Thus, Plaintiff's first amended complaint was timely filed, and the motion for extension of time is denied as moot.

**II.     First Amended Complaint**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

In his motion for extension of time, Plaintiff states that he has not yet completed his third level appeal. (ECF No. 23.) Plaintiff also concedes in his first amended complaint that although he submitted an appeal concerning the facts contained in the complaint, he has not yet completed the process. Plaintiff clarifies that his appeal remains pending at the third level, Log #KVSP-17-01841. (ECF No. 24, p. 8.) Finally, Plaintiff's notice to the Court regarding his 602 form merely

states that Plaintiff was intending to attach his 602 complaint to his amended complaint, but he cannot do so because his legal property is with the CDCR appeals office. (ECF No. 25.) However, Plaintiff does not state that he completed the administrative appeals process prior to filing this suit. Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, 42 U.S.C. § 1997e(a).

### III. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for 60-day extension of time to file a first amended complaint, (ECF No. 23), is DENIED as moot;

2. Plaintiff is ordered to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dept. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit); and

3. **Failure to comply with this order will result in a recommendation that this action be dismissed, without prejudice, for failure to comply with a Court order.**

IT IS SO ORDERED.

Dated: **November 28, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE