# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE CANADA,<br><br>    Plaintiff,<br><br>v.<br><br>NIEBERT, et al,<br><br>    Defendants. | Case No. 1:17-cv-00873-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 24, 26)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Ronald Lee Canada ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on June 23, 2017. (ECF No. 1.)

Plaintiff filed a first amended complaint on November 27, 2017. (ECF No. 24.) On November 29, 2017, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to exhaust his administrative remedies prior to filing this action. The Court ordered Plaintiff to respond within twenty-one days following service. (ECF No. 26.) On December 13, 2017, Plaintiff filed his response to the show cause order. (ECF No. 27.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Plaintiff's first amended complaint concedes that while he filed a grievance, his appeal is pending at the third level. (ECF No. 24, p. 8.) In addition, Plaintiff's response fails to allege any facts suggesting that he has completed the grievance process, and Plaintiff fails to present any argument demonstrating that he should be excused from the exhaustion requirement. Plaintiff merely explains the steps he is currently taking to complete the process, but it is clear that he has not yet exhausted his administrative remedies. (ECF No. 27.) Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with section 1997e(a).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and

dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 18, 2017**     /s/ *Barbara A. McAuliffe*
     UNITED STATES MAGISTRATE JUDGE